OPINION
In this accelerated calendar case, submitted on the record and briefs of the parties, appellants, Lottie Tucky and the Estate of Gerald Tucky, appeal the judgment of the Chardon Municipal Court, which denied their motion for relief from judgment under Civ.R. 60(B)(1) from an order granting appellee, Anita Arnold, judgment in the amount of $1,500.
The following facts gave rise to this appeal. Lottie Tucky ("Ms. Tucky") is the executrix of the Estate of Gerald Tucky. Gerald Tucky was the owner of an apartment building where appellee was a tenant from June 1986 through June 1991. On March 18, 1999, appellee filed a complaint in the Chardon Municipal Court alleging four causes of action: (1) appellants intentionally defrauded appellee by illegally wiring the utilities, which she used for electricity, for their own personal benefit and wrongful use; (2) appellants failed to return the security deposit; (3) appellants caused injury to appellee from defective and unsafe conditions on the property; and (4) appellants' conduct caused appellee to vacate the premises.
After considering numerous pleadings and motions, the trial court granted appellants' motion for summary judgment on all the claims except appellee's claim concerning the failure to return her security deposit in full.
While the case proceeded on this claim, the parties agreed to settle the matter in February 2000. However, on March 10, 2000, appellee filed a motion for judgment claiming that the parties had reached a settlement whereby appellants were to pay appellee $1,500 plus cost by March 13, 2000. After conducting a hearing, the trial court awarded judgment against appellants in the amount of $1,500.
This turn of events caused appellants to file a Civ.R. 60(B)(1) motion to vacate the settlement judgment on grounds that their attorney, Mr. Ziegler, mistakenly believed he was offered and received authorization from Ms. Tucky to settle appellee's claim for $600, not $1,500. Thus, according to appellants', there was no meeting of the minds as to the monetary term of the settlement. The motion was supported by affidavits from Mr. Ziegler and Ms. Tucky which averred that an offer to settle the case in the amount of $600 was made, presented, and accepted by Ms. Tucky, and that Mr. Ziegler did not have authority to offer $1,500 for settlement of appellee's claim.
On April 7, 2000, the trial court held a hearing on this motion. However, no transcript of this proceeding was included in the record on appeal. In a judgment entry dated that same day, the court denied appellants' motion for relief from judgment.
It is from this judgment which appellants filed a timely notice of appeal, asserting a single assignment of error for our consideration:
 "The trial court erred in denying defendant-appellant's [sic] 60 B [sic] motion for relief from its judgment order of March 17, 2000, granting plaintiff-appellee [Arnold] judgment in the amount of [1500]."
 Under the sole assignment of error, appellants maintain that they are entitled to relief from judgment on the basis of a mistake in that Mr. Ziegler was not authorized to settle this case for $1,500. Accordingly, appellants suggest that there was an "unfortunate mistake of fact * * * as to what settlement was being offered and accepted."
As mentioned previously, a transcript of the April 7, 2000 hearing before the trial court on appellants' motion for relief from judgment was not included in the appellate record. "The appellant has the duty to provide a transcript of pertinent proceedings upon appeal." Tonkinson v.Tonkinson (Nov. 3, 1995), Trumbull App. No. 95-T-5235, unreported, at 1, 1995 WL 803584. Furthermore, under App.R. 9, an appellant is required to demonstrate an alleged error through references to the record. Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; Crites v. Crites
(Mar. 9, 2001), Portage App. No. 2000-P-0001, unreported, at 4, 2001 Ohio App. LEXIS 1135. Thus, "without a transcript of the hearing or some other acceptable alternative as set out in App.R. 9, a reviewing court must presume the regularity of the trial court proceedings, as well as the validity of its judgment." Crites at 4-5, citing Tonkinson at 4.
In view of appellants' failure to provide a transcript of the April 7, 2000 hearing, this court presumes the trial court's regularity in its proceedings on this matter. Therefore, absent a transcript of that hearing, this court cannot say that the trial court abused its discretion in denying appellants' motion for relief from judgment. Accordingly, appellants' assignment of error is without merit.
Based on the foregoing analysis, the judgment of the trial court is hereby affirmed.
______________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., NADER, J., concur.